PEOPLE v. EVANS.

Crim. No. 1; August 29, 1895.

41 Pac. 444.

**Homicide—Appeal.**—Where, in a Murder Case, the Only Dispute is as to the identity of the murderer, and there is a sharp conflict in the evidence, the supreme court will not disturb the verdict because not entirely satisfactory.

**Homicide—Appeal.**—A Verdict of Guilty will not be Set Aside because of the erroneous admission of evidence which is not injurious to defendant.

**Homicide—Evidence of Threats.**—On Trial for the Murder of T., it was not error to admit evidence that, some time before the murder, defendant, referring to the killing of a certain girl, said that the man who killed her did not intend to kill her; that he was very

sorry for killing the girl; that he meant to kill T., and he would have him yet before he stopped.

**Homicide—Evidence of Proficiency in Use of Firearms.—** Where it appears deceased was shot, and there is evidence that defendant, when arrested, said he could not shoot a rifle, or had not shot a gun for a long time, it is proper to admit evidence that he is an expert with the rifle.

**Criminal Law—Confession.—The People and Defendant Consented** that the preliminary evidence as to the admissibility of an alleged written confession by defendant and a fellow-prisoner, and the argument on defendant's objections, should be heard in the absence of the jury. Held, that the action of the court in proceeding in accordance with such arrangement would not be reviewed, in the absence of objection and exception in the trial court.

**Criminal Law.—Where the Defense is Alibi, It is not Error** to allow the people, in rebuttal, to contradict the witnesses who testified to the alibi, by disproving the collateral facts testified to by them on their direct examination as a means of fixing the time when they saw defendant at the place distant from the scene of the crime.

**Criminal Law—Alibi.—It is not Error to Permit the People** to rebut the circumstances called out on cross-examination of the witnesses to an alibi, though no foundation is laid for contradiction, where no objection is made on such ground.

APPEAL from Superior Court, Amador County; John F. Davis, Judge.

William Evans, convicted of murder, appeals from the judgment and from an order denying a new trial. Affirmed.

F. E. Dunlap, D. B. Spagnoli and J. G. Swinnerton for appellant; Attorney General Fitzgerald for the people.

BEATTY, C. J.—The defendant was convicted of murder, and appeals from the judgment and an order denying him a new trial.

It was clearly proved that on June 15, 1893, Michael Tovey, a messenger for Wells, Fargo & Co., while seated by the side of the driver on a stage going from Ione to Jackson, in Amador county, was shot and killed by a man who stood behind and was partly concealed by a buckeye tree growing within ten or twelve feet of the roadside. The circumstances leave no doubt that the killing was premeditated, and that the crime was murder of the first degree, the only dispute being as to the identity of the slayer. He was distinctly seen, at a dis-

tance of not more than twenty feet, by the driver of the stage, and by a passenger who sat behind the driver on top of the stage; but his face was blackened with charcoal, and the lower part of it concealed by the foliage of the tree behind which he stood, and, while the stage driver testified positively that the defendant was the man, the passenger was equally positive that he was not. To corroborate the driver, the prosecution introduced evidence of remarks in the nature of threats by the defendant against the deceased, made prior to the killing; evidence that the defendant, after the killing, spoke of it with apparent pleasure; evidence of similarity of the clothes worn by the defendant and the man who fired the fatal shot; evidence of similarity of walk (a sort of limp) and of general appearance; and evidence of statements and admissions by the defendant implying his guilt, besides other circumstances having some slight tendency, perhaps, to connect him with the killing. On the part of the defense, evidence was introduced to explain or contradict most of the evidence for the people, and, in addition, there was very strong and positive testimony of a number of witnesses to the effect that at the time of the killing the defendant was at a farm many miles distant from the scene. As to the alleged statements and admissions of the defendant, they rested upon the uncorroborated testimony of a man who was confined in jail with him, and there was evidence that he and the officers in charge had conspired, by the administration of whisky and opium, to induce the defendant to sign a written confession under circumstances so questionable that the court would not admit it in evidence. In rebuttal, the people offered evidence contradictory of the witnesses who had been called to prove the alibi. And the result was a case presenting a sharp conflict of evidence on every material point, except the mere corpus delicti, which was fully proved. Under these circumstances, we cannot assume to overrule the verdict of the jurors, who saw and heard the witnesses, upon the ground that the proofs do not seem to be entirely satisfactory to us.

During the trial many exceptions were reserved to rulings of the court upon objections to testimony, but, if any of the rulings complained of were technically erroneous, they were clearly not injurious to the defendant. The stage driver, for instance, while testifying for the people, was asked the question, "Has your stage ever been robbed, Mr. Radcliffe?" to

which the defendant interposed the usual formal and general objection that it was incompetent, irrelevant, and immaterial. The objection being overruled, the witness answered, "Yes, sir." This is all that the bill of exceptions shows in regard to this matter; and, while it does appear that the evidence was irrelevant, it is equally apparent that it was of no consequence.

Mrs. McNeil, a witness for the people, was allowed to testify, over the same general objection by defendant, that, some time previous to the killing of Tovey, the defendant, referring to the killing of the Rudosini girl, had said that the man who killed her did not intend to kill her; that he was very sorry for killing the girl; that he meant to kill Tovey, and he would have him yet before he stopped. The court did not err in overruling the objection to this testimony. If true, it proved a claim on the part of defendant to an intimate knowledge of the feelings, motives, and intentions of the slayer of the Rudosini girl, and might justify the inference that he was himself the person who had slain her, in an attempt to kill Tovey, and that he was the person who intended "to have him before he stopped." In short, it was a threat which indicated a motive for the commission of the crime.

When the defendant was arrested, he stated—at least it was testified that he stated—that he could not shoot a rifle, or that he had not shot a gun for a long time. It was not error to allow proof that he was an expert with the rifle.

When the people offered in evidence the written confession which the defendant was alleged to have made, and the admissions and statements testified to by his fellow-prisoner, the people and the defendant both consented that the preliminary evidence and the argument upon the defendant's objections to the offered evidence should be taken and heard in the absence and without the hearing of the jury. It is now claimed that the order and action of the court, taken in conformity with his consent, was error, and highly injurious to the defendant. It is not necessary to consider whether the action of the court in this matter would have been proper if objected to. It was not objected to at the time, there was no exception taken at the time, and there is nothing to review.

It was not error to allow the people in rebuttal to contradict the witnesses who had testified to the alibi by disproving the collateral facts testified to by them on their direct examination as a means of fixing the time when they saw the de-

fendant at a place distant from the scene of the homicide. These circumstances were an essential part of their testimony, and highly material.   The same is true of the circumstances called out on the cross-examination.   As to some of these matters, it may be true that no sufficient foundation was laid for contradiction, but no objection was made on that ground in the one or two instances in which it should have been sustained; as, for instance, in the testimony of Wenzelberger in contradiction of Lucas.

The instruction complained of (No. 5 given by the court) is free from error.   If the defendant desired a fuller instruction, he should have requested it.

There are other exceptions specified in the record, but the foregoing are all that were mentioned or referred to in the argument, and all that call for special notice.   The judgment and order appealed from are affirmed.

We concur: McFarland, J.; Temple, J.; Harrison, J.; Garoutte, J.; Henshaw, J.; Van Fleet, J.